UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. HARRISON<br>(CDCR # K-64184),<br><br>    Plaintiff,<br><br>  v.<br><br>KAMALA HARRIS; et al.,<br><br>    Defendants.<br>_____ / | No. C 14-687 SI (pr)<br><br>**ORDER TO SHOW CAUSE RE.<br>CONTEMPLATED DISMISSAL** |

    James D. Harrison, an inmate at California Correctional Institute - Tehachapi, has filed this civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the court for consideration of plaintiff's complaint and *in forma pauperis* applications.

    A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

    For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that

1 is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious"
2 refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d
3 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories
4 can be counted as strikes for § 1915(g) purposes, so the mere fact that plaintiff has filed dozens
5 of cases in the several federal courts in California does not alone warrant dismissal under §
6 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after
7 careful evaluation of the order dismissing an [earlier] action, and other relevant information, the
8 district court determines that the action was dismissed because it was frivolous, malicious or
9 failed to state a claim." *Id.*

10 *Andrews* requires that the prisoner be given notice of the potential applicability of
11 § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the
12 ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews*
13 implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to
14 notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and
15 allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.*
16 at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as
17 a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the
18 outset of the action.

19 A review of the dismissal orders in plaintiff's prior prisoner actions and appeals reveals
20 that he has had at least three such actions or appeals dismissed on the grounds that they were
21 frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying
22 cases include: (1) *Harrison v. Scott*, N. D. Cal. Case No. C 10-2728 SI (dismissed for failure to
23 state a claim); (2) *Harrison v. Wilson*, N. D. Cal. Case No. C 10-5487 SI (dismissed for failure
24 to state a claim); (3) *Harrison v. Hobbs*, N. D. Cal. Case No. C 11-115 SI (dismissed for failure
25 to state a claim); and (4) *Harrison v. Garner*, N. D. Cal. Case No. C 11-155 SI (dismissed for
26 failure to state a claim).

27 In light of these dismissals, and because plaintiff did not appear to be under imminent
28

danger of serious physical injury when he filed the complaint, plaintiff is ORDERED TO SHOW CAUSE in writing filed no later than **July 3, 2014,** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, plaintiff may avoid dismissal by paying the full $400.00 filing fee by the deadline.

IT IS SO ORDERED.

Dated: May 27, 2014

_____
SUSAN ILLSTON
United States District Judge

3